### WYNNE v. THIEL. (No. 1417.)

(Court of Civil Appeals of Texas. Beaumont. June 26, 1926.)

**Bills and notes ⬤⟹527(I).**

In suit on note, finding against plea of payment *held* not unsupported by evidence.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by Mrs. A. A. Thiel against M. V. Wynne and another. Judgment for plaintiff, and defendant named appeals. Affirmed.

Tom F. Coleman, of Lufkin, for appellant. V. E. Middlebrook, of Nacogdoches, for appellee.

HIGHTOWER, C. J. The appellee, Mrs. A. A. Thiel, filed this suit in the district court of Nacogdoches county, against the appellant, M. V. Wynne, and Mrs. F. R. Penman to recover judgment on a promissory note in the principal sum of $10,000, executed by Wynne in favor of Frank R. Penman on February 28, 1921, and payable 90 days thereafter. The note bore interest at the rate of 8 per cent. per annum from date, and provided for the usual 10 per cent. attorneys' fees. The suit was against Wynne as principal maker of the note and against Mrs. Penman as indorser, and the date of its filing was April 3, 1925:

Wynne answered by general demurrer and general denial, and by amended answer filed on the day of the trial pleaded payment of the note.

Mrs. Penman, by her answer, admitted her liability to the plaintiff as indorser on the note, but prayed for recovery over against Wynne.

The cause was tried to the court without a jury, and judgment was rendered in favor of appellee against both defendants for the full amount of the note, interest, and attorneys' fees, and in favor of Mrs. Penman against Wynne in proper terms, and Wynne alone prosecutes this appeal.

Counsel for appellant advances in his brief several propositions for reversal, but they only raise in different form the same question. Appellant contends that the finding of the trial judge, which, of course, is involved in this judgment, against his plea of payment of the note, is wholly without support in the evidence, by either fact or circumstance. If this contention be true, it will be our duty to reverse the judgment.

We shall not go into details of the transaction as claimed by appellant in connection with which this $10,000 note was executed by him, because it would serve no useful purpose to do so. It is true, as counsel for appellant contend, that he, as a witness upon the stand, swore positively that he had paid and discharged the note here sued on, stating in detail how he paid the same, but he admits that when he paid the note, if he did, it was not returned to him by Penman, and if he paid it as he says he did, Penman remained in and about the town of Nacogdoches for perhaps a year after appellant claims to have paid the note, and he at no time, so far as this record shows, requested Penman to return the note to him, and he only explains his failure to take up the note at the time he paid it on the ground that Penman did not have the note with him at the time of its payment.

The facts show, briefly stating them, that Frank R. Penman was at one time a leading business man in the town of Nacogdoches, and was connected with large and flourishing business concerns there for a long period of time, but he disappeared suddenly on the 10th of May, 1922, and, according to the testimony of his wife found in this record, he has not been heard of since. The note here sued on was indorsed by Penman in blank, and after his disappearance Mrs. Penman found the note in their home and for valuable consideration indorsed it and transferred it to the appellee in this case. But as contended by appellant, the note was, then past due. The facts further show that appellant himself is an experienced business man and banker, and, such being true, the fact that he did not demand the return or cancellation of his note to Penman at the time he paid it or within a reasonable time thereafter was a strong circumstance to indicate to the trial judge that the note had not been paid, as claimed by appellant, and therefore we are not disposed to substitute our finding for that of the trial judge on the issue of fact as to whether appellant paid this note as he claims to have done. There is another circumstance, not of great weight it is true, but a circumstance nevertheless to indicate that appellant had not paid this note as claimed by him. That fact is this: In his original answer to this suit appellant interposed only a general demurrer and a general denial, and had not, up to the day the case was called for trial, claimed, so far as this record shows, that he had paid this note. At that time, as is suggested by this record, the appellee was not present, but was in another and distant state, and counsel for appellee made a motion, when the amended answer was filed on the eve of the trial, to strike it out on the ground, in substance, that the plea of payment of the note came as a surprise, and that he would be unable to meet it, but the record shows no disposition by the trial court of this motion.

Learned counsel for appellant further contend that the testimony of appellant is corroborated in all material respects and shown to be true by the testimony of Mr. E. H. Blount found in this record, but without going into detail as to this contention, we think, after carefully considering Mr. Blount's tes-

timony, that while in some respects it tends to corroborate the testimony of appellant as to the payment of the note, yet in other respects its tendency is against that corroboration.

We are not unmindful of the rule which now seems to be established in this state that a trial judge or jury may not arbitrarily disregard and refuse to give effect to positive, unequivocal testimony of any witness, where that testimony is not contradicted or disputed by circumstances, or otherwise, and there is no attempt at impeachment of such witness. This court has so ruled. McKeever et ux. v. Dittman (Tex. Civ. App.) 262 S. W. 1054. But we cannot apply that rule here, because, as we have shown, it cannot be said that appellant's testimony in this case was wholly uncontradicted by fact or circumstance. He was a highly interested witness, being a party to the suit, and the fact that he was an experienced business man in money affairs, and admittedly did not demand the return to him of a $10,000 note, either at the time of its payment or within a reasonable time thereafter, was a strong circumstance to be weighed by the trial judge in determining the issue of the payment of this note.

It follows from these conclusions that this court ought not to hold that the trial judge's finding on the issue of payment of the note in question is wholly without support in the evidence, and therefore the judgment has been ordered affirmed.